UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMY LOU G.,[1]                     Case No.: 1:24-cv-491
    Plaintiff,                      Litkovitz, M.J.

vs.

COMMISSIONER OF SOCIAL SECURITY,      **ORDER**
    Defendant.

This matter is before the Court on the Commissioner's motion to remand this case for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) and to enter judgment pursuant to Fed. R. Civ. P. 58. (Doc. 11). Plaintiff filed a response (Doc. 12) to indicate her agreement with the Commissioner's language, copied below, regarding remand:

> The Commissioner respectfully moves for the entry of a judgment reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), with remand of the cause to the Commissioner for further administrative proceedings consistent with this motion. Upon remand, the Appeals Council will vacate all findings in the Administrative Law Judge's decision. The Commissioner will develop the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, reevaluate the evidence at steps two through five of the sequential evaluation and the medical opinions in the record, offer another administrative hearing, and then issue a new decision.

(Doc. 11 at PAGEID 1382-83). Plaintiff did not join the Commissioner's motion, however, because she asks the Court to order the assignment of a different administrative law judge (ALJ) to her case on remand. The Commissioner does not agree to this request, as explained in his reply in support of his motion. (Doc. 13).

"To whom a case should be remanded is generally within the province of the Secretary's responsibility." *White v. Comm'r of Soc. Sec.*, No. 2:18-cv-12487, 2019 WL 2407994, at *5 (E.D. Mich. Mar. 8, 2019) (report and recommendation) (quoting *Travis v. Sullivan*, 985 F.2d

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

919, 924 (7th Cir. 1993)), *adopted*, 2019 WL 2183128 (E.D. Mich. May 21, 2019). *See also Card v. Astrue*, 752 F. Supp. 2d 190, 191 (D. Conn. 2010) (same). Upon remand to the agency, absent exceptional circumstances, a case is assigned to the ALJ who issued the hearing decision. 4 Soc. Sec. Law & Prac. § 53:59 (updated Dec. 2024). Courts generally do not intervene in that decision unless a movant demonstrates an ALJ's bias or partiality.[2] *See White*, 2019 WL 2407994, at *5 (quoting *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996)) ("If there is sufficient evidence of bias to entitle the claimant to review by a different administrative law judge . . . then the transfer of the case to a different administrative law judge is an automatic consequence of reversal."); *Card*, 752 F. Supp. 2d at 191 ("Courts may interfere with the Commissioner's decision [regarding the ALJ on remand] only upon a showing of bias or partiality on the part of the original ALJ.").

Evaluating a bias claim begins with the "presumption that policymakers with decisionmaking power exercise their power with honesty and integrity." *Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 363 (6th Cir. 2004) (quoting *Navistar Int'l. Transportation Corp. v. U.S. E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991)). The party asserting bias/partiality bears the burden to show "convincing evidence" that there is an actual risk of bias or prejudgment. *Id.* Convincing evidence of bias or partiality must be based on the record, not mere speculation, and "supported by a '*strong showing*' of bad faith." *White*, 2019 WL 2407994, at *6 (quoting *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 436 (6th Cir. 2010)). "[E]xpressions of

---

[2] This general rule is not without exception, as some courts have directed that a different ALJ handle a matter on remand based on something less than demonstrated bias. For example, in *Simpson v. Colvin*, 2 F. Supp. 3d 81 (D. Mass. 2014), the court collected a number of cases remanding cases to different ALJs based on "insensitive behavior," multiple remands of the same ALJ's decisions, and other conduct appearing to fall short of demonstrated bias. *Id.* at 92.

impatience, dissatisfaction, annoyance, and even anger" are insufficient to show bias or impartiality. *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555-556 (1994)).

Plaintiff's counsel argues that he was "extremely critical" of ALJ Thuy-Ahn Nguyen in his Statement of Errors, which he included in the claim file. (Doc. 12 at PAGEID 1388). Plaintiff's counsel also argues that he and ALJ Nguyen have a "contentious 'history[,]'" which he speculates ALJ Nguyen will take out on his client in the form of a "repackage[ed]" denial or a finding of a delayed onset date that significantly limits any award of back benefits. (*Id.* at PAGEID 1389). Plaintiff's counsel argues that ALJ Nguyen has done this in other of his client's cases.

The Commissioner argues the Appeals Council has discretion under the regulations regarding the ALJ assignment. *See* 20 C.F.R. § 404.983 (establishing general procedure following a federal court's remand). The Commissioner also points to the Hearings, Appeals, and Litigation Law Manual ("HALLEX"),[3] which provides that the Appeals Council will generally assign a case on remand to the same ALJ that handled the initial case—the relevant exception being where a case is remanded a *second* time. *See* HALLEX I-2-1-55(D)(2), 1993 WL 642977 (last update April 9, 2019); HALLEX I-3-7-40(B), 1993 WL 643170, at *2 (last update Sept. 10, 2021).

Plaintiff has not presented convincing evidence of an actual risk of ALJ Nguyen's bias. She argues that a remand in this case, coupled with counsel's prior history with ALJ Nguyen, will likely result in another adverse decision. But plaintiff's argument is not evidence, and she

---

[3] The HALLEX "provides 'guiding principles, procedural guidance and information' to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008) (quoting HALLEX I-1-0-1).

3

has not met her evidentiary burden of overcoming the "honesty and integrity" decision-making presumption set forth in *Collier*, 108 F. App'x at 363.  Therefore, the Court declines to order that a different ALJ handle her case on remand.  Plaintiff remains free to file an objection to ALJ Nguyen's handling of her case at the agency level.  *See White*, 2019 WL 2407994, at *5 ("The regulations account for bias by prohibiting a prejudiced or partial ALJ from conducting a hearing and allowing claimants to object to any such individual from overseeing the proceedings.  20 C.F.R. § 404.940.  This regulation can be employed after a remand.").

## IT IS THEREFORE ORDERED:

1.  The Commissioner's motion to remand (Doc. 11) is **GRANTED**;

2.  This case is **REMANDED** to the Commissioner of Social Security for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).  Upon remand, the Appeals Council will vacate all findings in the Administrative Law Judge's decision.  The Commissioner will develop the administrative record as necessary to determine whether plaintiff is disabled within the meaning of the Social Security Act, reevaluate the evidence at steps two through five of the sequential evaluation and the medical opinions in the record, offer another administrative hearing, and then issue a new decision; and

3.  The Clerk of Court shall enter a separate judgment in plaintiff's favor under Fed. R. Civ. P. 58.

Date: 2/25/2025

Karen L. Litkovitz
United States Magistrate Judge